UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kenneth S. Daywitt,                                   Civ. No. 19-2632 (PAM/KMM)

        Plaintiff,

v.                                                    **MEMORANDUM AND ORDER**

Jodi Harpstead, Nancy A.
Johnston, Brian Ninneman,
Justin Joslin, Tara Osborne,
Tina Olson, Travis Cowell,
Kyle Rodgers, Melissa Stenton,
Mark Hansen, Darlene Harris,
Steve Sayovitz, Ryan Fahland,
Cheryl Floren, William Robinson,
Debra Thao, Dawn Sell, and
Courtney Menten,

        Defendants.

_____

This matter is before the Court on Defendants' Motion to Dismiss and Plaintiff's

Motion to Amend.  At the hearing on the Motions, the Court orally granted Plaintiff's

Motion to Amend.  Nevertheless, and for the following reasons, the Motion to Dismiss is

granted in part and denied in part.

**BACKGROUND**

Plaintiff Kenneth Daywitt is civilly committed to the Minnesota Sex Offender

Program ("MSOP") in Moose Lake, Minnesota.  (Am. Compl. (Docket No. 21 Ex. 2) ¶ 9.)

He is openly gay.  (Id. ¶ 10.)  He brings this lawsuit against Jodi Harpstead, the

Commissioner of the Minnesota Department of Human Services, Nancy Johnston,

Executive Director of MSOP, both in their official capacities, and 16 MSOP employees, in

their individual capacities.   His Amended Complaint contends that Defendants either knowingly or negligently put him in the same cell as an individual who was known to be homophobic, threatening, and mentally ill.  (Id. ¶¶ 12, 16.)  Daywitt alleges that he told the individual-capacity Defendants about the individual's threats, to no avail.  (Id. ¶ 19.)  The individual eventually attacked Daywitt, causing injuries.  (Id. ¶¶ 21-22.)

The Amended Complaint raises claims for state-law negligence and deliberate indifference and failure to protect under 42 U.S.C. § 1983 against the individual-capacity Defendants.   Daywitt also asserts that MSOP "maintains an unconstitutional policy/custom/practice of failing to protect LGBTQ patients/clients from hate/bias crimes and harassment based on sexual orientation."  (Id. ¶ 26.)

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6).  A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true.  Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim.  Iqbal, 556 U.S. at 678.

## A.      Deliberate Indifference/Failure to Protect

A deliberate-indifference claim, whether for indifference to a risk of harm or for failure to protect, requires the civil detainee to establish both that "the deprivation alleged must be, objectively, sufficiently serious," Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quotation omitted), and that the defendants were subjectively deliberately indifferent to the detainee's health or safety. Estelle v. Gamble, 429 U.S. 97, 104 (1977). An objectively serious deprivation means that the detainee is held "under conditions posing a substantial risk of serious harm." Irving v. Dormire, 519 F.3d 441, 447 (8th Cir. 2008). An official is subjectively deliberately indifferent only if "the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and [] the official [actually] drew that inference." Perkins v. Grimes, 161 F.3d 1127, 1130 (8th Cir. 1998). Jail officials who "respond reasonably to a perceived risk" do not violate the Eighth Amendment[1] "even if the harm ultimately was not averted." Prater v. Dahm, 89 F.3d 538, 542 (8th Cir. 1996) (quotation omitted).

The Amended Complaint makes several vague allegations about the individual Defendants' knowledge of the risk to Daywitt but does not plead any facts about any Defendant individually or specifically. For example, the Amended Complaint alleges that the assailant repeatedly made homophobic comments "in the presence of MSOP staff, including all Defendants sued in their individual capacities," and then lists all 16

---

[1] A civil detainee's deliberate-indifference claim arises under the Fourteenth Amendment. But the Court evaluates a Fourteenth Amendment claim using the same standards as one under the Eighth Amendment. Revels v. Vincenz, 382 F.3d 870, 874-75 (8th Cir. 2004).

individual-capacity Defendants' names.  (Am. Compl. ¶ 18.)  But this allegation is simply

not enough to put any Defendant on notice as to what they did or did not do.  Moreover, it

is not plausible that each of the 16 individual-capacity Defendants witnessed each incident

Daywitt describes.  To survive a Motion to Dismiss, Daywitt must specify "how each

individual defendant was involved in the alleged deprivation of his constitutional rights."

Sorenson v. Minn. Dep't of Human Servs., No. 14cv4193, 2015 WL 251720, at *7 (D.

Minn. Jan. 20, 2015) (Montgomery, J.).   The Amended Complaint fails to do this.

However, because Daywitt may be able to remedy the deficiencies in his allegations, the

Court will dismiss the individual-capacity § 1983 claim with leave to re-plead that claim.[2]

**B.     Official-Capacity Claim**

Daywitt's claim against Commissioner Harpstead and Executive Director Johnston

contends that MSOP maintained an unconstitutional custom of failing to protect openly

gay or transgender patients from attacks such as the one he experienced, and that MSOP

failed to properly train its staff to recognize and respond to threats against LGBTQ

individuals.

Defendants first argue that dismissal of the § 1983 claim against the individual-

capacity Defendants means that there was no constitutional violation for purposes of the

official-capacity claim.   Daywitt did not, however, fail to plead a violation of his

constitutional rights in his individual-capacity § 1983 claim.   Rather, he failed to

---

[2] Defendants' argument that qualified immunity bars Daywitt's § 1983 claims is more properly considered on a motion for summary judgment, not at this preliminary stage of the litigation.

sufficiently plead how each individual Defendant was personally involved in the alleged constitutional violations. The Court will not dismiss the official-capacity claim on this basis.

Defendants' substantive arguments regarding the official-capacity claim rely almost entirely on cases at the summary-judgment stage. This is a motion to dismiss, and the Court must take the plausibly pled allegations as true. While Daywitt must plead facts that could establish his unconstitutional-custom claims, he need not establish those claims at this stage. He alleges that MSOP employees were not trained to realize the danger he was in because of his homophobic roommate and that, after his assault, MSOP attempted to house his assailant with a patient who is transgender. (E.g., Am. Compl. ¶ 25.) This allegation, if true, could establish that MSOP failed to train its employees to provide proper protection to LGBTQ individuals. Daywitt has plausibly pled his official-capacity claim, and the Motion is denied as to this claim.

## C.     Negligence

Daywitt's negligence claim is also brought against the individual Defendants in their individual capacities. But he has not plausibly pled how any specific Defendant was negligent, just as he has failed to plausibly plead how any specific Defendant violated his constitutional rights. Because official immunity requires that a plaintiff seeking monetary damages against state officials for state-law torts establish that each Defendant committed a "willful or malicious wrong," Vassallo ex rel. Brown v. Majeski, 842 N.W.2d 456, 462 (Minn. 2014) (quotation omitted), it is especially important that a pleading specify what each Defendant did or did not do that meets this high standard. His state-law claim must

5

likewise be dismissed without prejudice.

**CONCLUSION**

Daywitt has not plausibly pled his claims against the individual-capacity Defendants but has plausibly pled his official-capacity claim.   Accordingly, **IT IS HEREBY ORDERED that**:

1.   The Motion to Amend (Docket No. 20) is **GRANTED** and the Amended Complaint (Docket No. 21 Ex. 2) is deemed filed for purposes of the Motion to Dismiss;

2.   The Motion to Dismiss (Docket No. 14) is **GRANTED in part** and **DENIED in part**; and

3.   Counts 1 and 3 of the Amended Complaint are **DISMISSED without prejudice**.  Plaintiff may replead those claims within 30 days of the date of this Order.

Dated: <u>May 20, 2020</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge